**Jose Jesus LEYVA–ESTRADA, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 05–75885.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Sept. 27, 2007.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sung Uk Park, Esq., Law Offices of Sung U. Park, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Jose Jesus Leyva–Estrada, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Leyva–Estrada's contention that the BIA denied him a full and fair hearing, because he failed to adequately raise this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (court lacks jurisdiction to review claims that could have been, but were not, exhausted in administrative proceedings).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Leyva–Estrada's contention that the BIA's application of the reopening regulations deprived him of due process is not a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.")

The BIA did not abuse its discretion when it determined that Leyva–Estrada's motion to reopen was untimely. *See* 8 C.F.R. § 1003.2(c)(2) (an alien seeking to reopen proceedings before the BIA must file the motion to reopen no later than 90 days after the final administrative decision). Leyva–Estrada did not demonstrate that he exercised diligence in discovering his prior counsel's errors. *See Iturribarria,* 321 F.3d at 897 (equitable tolling is available to a petitioner who establishes she suffered from deception, fraud or error, and exercised due diligence in discovering such circumstances).

Leyva Estrada's motion to file a late reply brief is granted. The clerk shall file the reply brief received on September 19, 2006.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.